IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NELSON GREGORIO PIZARRO,<br><br>**Plaintiff**,<br><br>v.<br><br>MARIBEL SANCHEZ-MUÑOZ,<br><br>**Defendant**. | **CIVIL NO**. 08-1308 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

On March 27, 2008, this Court ordered plaintiff Nelson G. Pizarro to show cause why this case should not be remanded because of its improper removal and because of the Court's lack of subject matter jurisdiction. (Docket No. 2)

On April 19, 2008, 12 days after the deadline set by the Court, Mr. Pizarro filed his "Response to Order to Show Cause". (Docket No. 5)

Having considered the docket in this case, it is clear that Mr. Pizarro's claims constitute a challenge solely to the grounds of the state court's decision to disqualify him as the guardian of his mother Maria M. Olivo Ayala and his sister Karen Y. Pizarro Olivo. As such, even if within the Court's diversity jurisdiction, his challenge would fall within the domestic relations exception to diversity jurisdiction.

Civil No. 08-1308 (FAB)                                                    2

Section 1332(a)(1) of Title 28 of the United States Code provides for original jurisdiction for all civil actions in the federal district courts when the action is between citizens of different states, including the Commonwealth of Puerto Rico. Despite this broad language, federal courts have refused to enter into certain disputes even when the requirements for diversity are present. One of the exceptions is domestic relations cases. See Rotolo v. Rotolo, 682 F.Supp. 8 (D.P.R. 1998) (internal citations ommitted).

This refusal has been explained on the grounds that the area of domestic relations is one in which ". . . the states have an especially strong interest in the proper implementation of their policies and local courts have a well developed competence." Rotolo, 682 F.Supp. at 8 (citing Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 2d Section 3609 (1984 ed.)) As stated by the First Circuit Court of Appeals, "[r]egardless of the historical inaccuracies and doctrinal distortions that mark the birth and early years of this exception to diversity jurisdiction, . . . the exception has endured for too long for us to abandon it in the absence of contrary action by Congress or the Supreme Court." Sutter v. Pitts, 639 F.2d 842, 843 (1st Cir. 1981).

Civil No. 08-1308 (FAB)                                            3

The same prudential concerns supporting the domestic relations exceptions for divorce, alimony, and child custody cases apply equally in guardianship cases. See Mazur v. Woodson, 932 F.Supp. 144, 148 (E.D.Va. 1996)

Therefore, as a matter of judicial economy, state courts are more eminently suited to work this type of case than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, child custody decrees and guardianship cases. See e.g., Mazur, 932 F.Supp. at 149 (citing, Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992)).

Accordingly, the Court **REMANDS** this case to the Superior Court of Puerto Rico, Fajardo Division.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 21, 2008.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        U.S. DISTRICT JUDGE